STATE OF NORTH CAROLINA v. WAYNE EDWARD BUTLER

No. 8716SC1183

(Filed 7 June 1988)

**Assault and Battery § 13— assault with a deadly weapon with intent to kill inflicting serious injury — competence of evidence**

   There was no prejudicial error in a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury from the exclusion of photographs of two of the victims in happier times because those photographs were not even remotely relevant to any issue in the case; testimony of an investigating police officer that black specks on the neck, chin and chest of the two-year-old victim were the residue from a discharged gun was clearly competent; and there was no prejudice from the State's questioning of defendant concerning another murder about which defendant had testified on direct examination in light of the uncontradicted evidence against defendant, even though the questioning was clearly improper. N.C.G.S. § 8C-1, Rule 404(b).

APPEAL by defendant from *Williams, Judge.* Judgments entered 1 May 1987 in Superior Court, SCOTLAND County. Heard in the Court of Appeals 12 April 1988.

*Attorney General Thornburg, by Assistant Attorney General Randy Meares, for the State.*

*Appellate Defender Hunter, by Assistant Appellate Defender Teresa A. McHugh, for defendant appellant.*

PHILLIPS, Judge.

Defendant was convicted of two counts of assault with a deadly weapon with intent to kill inflicting serious injury and one count of assault with a deadly weapon. The deadly weapon used was a pistol. Defendant's girlfriend, Patricia Casson, was shot in the hand and neck, her nine year old daughter was shot in the head, resulting in the partial paralysis of one side of her body, and her two year old granddaughter was shot at but missed. The State's evidence clearly shows that defendant's shooting rampage, which occurred in the victims' home at close range, was wilfully and maliciously conducted without any provocation at all, and his claim in extenuation or mitigation is only that he was drunk and did not know what he was doing.

In seeking a new trial defendant makes three contentions, none of which has merit and two are devoid of any semblance of basis. One contention concerns six photographs showing two of the victims in happier times; these photographs are not even remotely relevant to any issue in the case, and the court properly refused to receive them into evidence. Another contention concerns the clearly competent testimony of an investigating police officer, with many years of experience observing people who had been shot with firearms, that some black specks he saw on the neck, chin and chest of the two year old child shortly after the shootings were in his opinion the residue from a discharged gun. Defendant's other contention concerns the State asking him if in connection with the murder of Diane Brown in 1966, which he testified to on direct examination along with another murder conviction and the rest of his criminal record, he did not shoot her fourteen year old daughter while she was laying in the bed. Though this line of questioning was not pursued for any of the permissible purposes authorized by G.S. 8C, Rule 404(b), and was clearly improper, defendant could not have possibly been prejudiced thereby in light of the uncontradicted evidence recorded against him.

No error.

Judges JOHNSON and SMITH concur.